IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02187-BNB

JERRY MASKE,

    Plaintiff,

v.

STATE OF COLORADO, and
SUPREME COURT OF COLORADO,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

    Plaintiff Jerry L. Maske currently resides in Aurora, Colorado. Mr. Maske initiated this action by filing a *pro se* Complaint pursuant to 18 U.S.C. § 1916 and 42 U.S.C. § 1983. Mr. Maske also filed an Amended Complaint on September 21, 2009. The Court must construe the Complaint and the Amended Complaint liberally because Mr. Maske is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nonetheless, even though the Court must construe Mr. Maske's pleadings liberally, the pleadings must follow the rules of federal civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994),

***cert denied***, 513 U.S. 1090 (1995). For the reasons stated below, the action will be dismissed.

Section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, provides that:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .

The four elements of a RICO claim are: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. ***Sedima, S.P.R.L. v. Imrex Co., Inc.***, 473, U.S. 479, 496 (1985). The plaintiff in a RICO action must allege each of these four elements in order to state a proper claim under § 1962(c). ***Id.*** Further, the failure to establish any of these elements is fatal to the plaintiff's RICO claim. ***Rae v. Union Bank***, 725 F.2d 478, 480-81 (9th Cir. 1984).

Mr. Maske has failed to satisfy any of the four elements of a RICO claim. He has failed to plead any of the crimes identified by 18 U.S.C. § 1961 that constitute "racketeering activity," which includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . ." ***See*** § 1961(1)(A).

Further, Mr. Maske has failed to allege adequately a "pattern of racketeering activity" because he has failed to allege that there was a crime which involved "racketeering activity," as defined under 18 U.S.C. § 1961(1). Mr. Maske also has failed to show that there exists any "enterprise," as defined by 18 U.S.C. § 1961(4), because

he has not alleged that there is an "association" between Defendant and others for the purpose of conducting a racketeering activity.

With respect 42 U.S.C. § 1983, the Supreme Court of Colorado and the State of Colorado are improper parties. The State of Colorado and its entities are protected by Eleventh Amendment immunity. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). Mr. Maske, therefore, fails to state a RICO claim or a § 1983 claim or meet the requirements set forth in Fed. R. Civ. P. 8 for stating a claim for relief in a federal court.

Since March 18, 2009, Mr. Maske has filed at least forty-four cases in this Court. Seven of the forty-four cases were filed on March 18, 2009. Subsequent to those seven cases being dismissed, Mr. Maske filed new actions in which he named the same defendants and asserted the same claims against them, but he identified a different basis for this Court's jurisdiction. Although Mr. Maske has not asserted claims against the Colorado Supreme Court or the State of Colorado in any of his previous cases, the claims he asserts in this Complaint fail to meet the requirements of Fed. R. Civ. P. 8. Even when Mr. Maske is given the opportunity to amend and correct a Rule 8 deficiency, as he was given in *Maske v. Wilks*, No. 09-cv-00585-ZLW (D. Colo. May 15, 2009); *Maske v. The Peters Law Firm*, No. 09-cv-00584-ZLW (D. Colo. May 15, 2009); *Maske v. Mathys*, No. 09-cv-00583-ZLW (D. Colo. May 15, 2009); *Maske v. City and County of Denver*, No. 09-cv-00582-ZLW (D. Colo. May 15, 2009); *Maske v. Arapahoe County Office of the Clerk and Recorder*, No. 09-cv-00580-ZLW (D. Colo.

May 15, 2009); *Maske v. Arapahoe County*, No. 09-cv-00579-ZLW (D. Colo. May 15, 2009), he still is unable to set forth any claims that are within the guidelines of Rule 8.

The Court finds no jurisdictional basis for Mr. Maske's claims under 18 U.S.C. §§ 1961–1968 or 42 U.S.C. § 1983.  Mr. Maske is engaged in abusive litigation tactics, which will not be tolerated.  This Complaint and action, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court notes, however, that in *Maske v. IBM Corp.*, No. 09-cv-01805-BNB (D. Colo. Filed July 30, 2009), an order was entered, on September 3, 2009, directing Mr. Maske to show cause within thirty days why he should not be sanctioned from filing any further cases in this Court without representation of an attorney licensed to practice in the State of Colorado, unless he first obtains leave of the Court to proceed *pro se* in the action.  Accordingly, it is

ORDERED that the Complaint, Amended Complaint, and action are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this ___ day of _____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02187-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By: _____
　　　　　Deputy Clerk